ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SAMUEL SANTOS CORREA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITA<br><br>Recurrido | TA2025RA00276 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: B-755-25<br><br>Sobre: Bonificaciones extraordinarias |

Panel integrado por su presidente, el Rivera Colón, el Juez Monge Gómez Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Comparece Samuel Santos Correa ("señor Santos Correa" o "Recurrente"), por derecho propio y en forma *pauperis* mediante un recurso de revisión administrativa y nos solicita que revisemos una *Resolución* de reconsideración emitida el 7 de agosto de 2025, notificada el 20 de agosto de 2025, por el Departamento de Corrección y Rehabilitación ("DCR"). En virtud del referido dictamen, el DCR denegó la solicitud de remedio administrativo instada por el recurrente sobre bonificaciones extraordinarias.

Por los fundamentos que proceden, se desestima el recurso, por falta de jurisdicción.

## I.

El 13 de mayo de 2025, el señor Santos Correa presentó una *Solicitud de Remedios Administrativos* sobre bonificaciones extraordinarias ante el DCR. Consecuentemente, el 20 de mayo de 2025, la agencia recurrida denegó la solicitud instada por el recurrente. Inconforme, el 6 de junio de 2025, el señor Santos Correa instó una *Solicitud de Reconsideración*, la cual fue denegada mediante *Resolución* emitida el 7 de agosto de 2025, notificada el 20 de agosto de 2025. Insatisfecho aún, el 7 de octubre de

2025, el recurrente acudió ante esta Curia mediante un recurso de revisión administrativa.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.*, pág 109.

### -B-

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti*, 165 DPR 356, 367 (2005).

En lo aquí pertinente, el Reglamento del Tribunal de Apelaciones dispone que los recursos de revisión administrativa deberán presentarse dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del archivo en autos de la notificación de la determinación final del organismo o agencia. Regla 57 del Reglamento de Tribunal de Apelaciones, *op. cit.*, pág. 79.

Así, también, nuestro Reglamento regula todo lo relacionado al contenido de los recursos de revisión. La Regla 59 establece que el escrito deberá contener: (1) una cubierta; (2) un índice; (3) un cuerpo; y (4) un apéndice. Regla 59 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 81-85. De manera particular, la aludida regla especifica que el cuerpo del escrito tendrá que incluir lo siguiente:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

[...]

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250

(2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado que:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.
>
> *Morán v. Marti, supra*, pág. 367.

**Las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales.** (Énfasis suplido). *Febles v. Romar*, 159 DPR 714, 722 (2003).

### III.

Al evaluar el recurso ante nuestra consideración, concluimos que carecemos de jurisdicción para atender el recurso presentado por el señor Santos Correa.

De entrada, destacamos que, a pesar de haber presentado la *Resolución* mediante la cual el DCR denegó su solicitud de reconsideración, el señor Santos Correa ni tan siquiera hizo referencia a ella en su escueto escrito. Más aun, desconocemos los fundamentos bajo los cuales el señor Santos Correa recurre de la aludida determinación. A su vez, entre las múltiples faltas cometidas por el recurrente, este no expuso una relación fiel y concisa de los hechos del caso y tampoco señaló ni discutió los errores presuntamente cometidos por el DCR. Ante ello, resulta forzoso concluir que no nos colocó en posición para atender su reclamo.

El recurrente incumplió crasamente con el Reglamento del Tribunal de Apelaciones, *supra.* A la luz de las disposiciones normativas reseñadas, nos vemos obligados a desestimar el presente recurso.

Por otro lado, el recurrente alega haber presentado, el 4 de agosto de 2025, otro recurso de revisión administrativa ante este Tribunal. De manera particular, sostiene que el recurso se le fue devuelto debido a la falta del pago de aranceles. Hemos investigado su alegación, sin embargo,

no surge récord de recurso alguno presentado en esa fecha por el señor Santos Correa.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones